IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN MORRIS** | : | |
| 2743 South Alder Street, Apt 2 | : | |
| Philadelphia, PA 19148 | : | **Civil Case No.** _____ |
| **Plaintiff**, | : | |
| | : | |
| **v.** | : | |
| | : | ***JURY TRIAL DEMANDED*** |
| **STADIUM CASINO RE, LLC** | : | |
| **d/b/a LIVE! CASINO** | : | |
| 900 Packer Avenue | : | |
| Philadelphia, PA 19148 | : | |
| **Defendant**. | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff, Ryan Morris ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant Stadium Casino RE, LLC d/b/a Live! Casino ("Defendant"), alleges as follows:

## INTRODUCTION

1.    Plaintiff initiates this action contending Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*., and the Philadelphia Fair Practices Ordinance ("PFPO"), Phila. Code. §9-1101, *et seq.* by failing to provide reasonable accommodation(s) to Plaintiff as well as by discriminating against Plaintiff and terminating his employment because of his actual and/or perceived disabilities, for his record of disability, and in retaliation for engaging in protected activity.

2.    Plaintiff further contends Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* by interfering with Plaintiff's FMLA rights/benefits and by terminating Plaintiff's employment in retaliation for Plaintiff taking FMLA-qualifying leave.

1

3.      Defendant's violations of the ADA, FMLA, PHRA and PFPO have caused Plaintiff to suffer damages as set forth herein.

**PARTIES**

4.      Plaintiff Ryan Morris is a citizen of the United States and Pennsylvania, who currently resides at 2473 South Adler Street, Apt 2, Philadelphia, PA 19148.

5.      Upon information and belief, Defendant Stadium Casino RE, LLC d/b/a Live! Casino is a Delaware company with a principal place of business located at 601 East Pratt Street, Floor 6, Baltimore, MD 21202.

6.      Upon information and belief, Defendant does business in Pennsylvania and operates a casino and hotel located at 900 Packer Avenue, Philadelphia, PA 19148.

**JURISDICTION AND VENUE**

7.      Paragraphs 1 through 6 are hereby incorporated by reference as though the same were fully set forth at length herein.

8.      On or about April 23, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), 43 P.S. § 959(a)., and Phila. Code. § 9-1112.

9.      Plaintiff's EEOC Charge was docketed as EEOC No. 530-2025-05551 and was filed within one-hundred and eighty (180) days of the unlawful employment practice(s).

10.     On or about May 6, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

11.     One year has passed since Plaintiff filed his complaint(s) with the EEOC, PHRC, and PFPO (his dual-filed Charge), thereby entitling Plaintiff to bring his state claims in court.

2

12.    Plaintiff filed the instant action within the statutory time frame applicable to his claims.

13.    Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

14.    This action is authorized and initiated pursuant to the ADA, FMLA, PHRA, and PFPO.

15.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

16.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

17.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant does business herein and the unlawful practices of which Plaintiff is complaining were committed herein.

## FACTUAL BACKGROUND

18.    Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19.    Plaintiff began his employment with Defendant as a Guest Services Representative at the opening of Live! Casino in January 2021.

20.    Plaintiff suffers from multiple sclerosis ("MS") and for a time was approved to take for intermittent leave under the Family Medical Leave Act ("FMLA").

21.    However, Defendant failed to correctly explain the FMLA process and advised Plaintiff that he could take as much FMLA leave as he needed.

22.     In or around August 2024, Defendant removed Plaintiff's FMLA leave entitlement and instructed him to instead apply for intermittent leave as an accommodation under the ADA.

23.     Defendant thus provided Plaintiff with ADA paperwork for his neurologist to complete.

24.     After Plaintiff provided Defendant with the completed ADA paperwork, Defendant ostensibly approved his accommodations request.

25.     Specifically, in a letter dated September 9, 2024, Defendant stated it "approves the following accommodations:

1.  Intermittent Leave between 1-3 days per month through 02/11/2025.
2.  Planned medical treatments between 4-8 hours per month through 02/11/2025."

26.     Notably, the approved accommodations listed in the letter mirrored the intermittent FMLA time Plaintiff previously took.

27.     As such, Plaintiff took intermittent time off in accordance with the September 9, 2024 accommodations approval letter.

28.     On or about November 21, 2024, Plaintiff experienced weakness due to MS, which resulted in him falling down a set of stairs.

29.     Plaintiff was thus unable to work for a couple days, and since he had already taken some intermittent leave in November 2024, he had to request additional time off for November 22, 2024.

30.     Plaintiff advised Defendant that he required time off due to the fall and his MS, and as instructed by supervisor James Taavon ("Mr. Taavon"), he provided a supporting doctor's note from his neurologist.

4

31.     However, when Plaintiff provided the doctor's note, Defendant's HR Representative, Karen Goskowsky ("Ms. Goskowsky"), responded by email: "We do not accept doctor's notes to excuse absences".

32.     Plaintiff called Ms. Goskowsky after receiving this email, but she curtly dismissed his concerns and hung up on him.

33.     Plaintiff then reported Ms. Goskowsky's discriminatory conduct to supervisor Lillian Drumgold ("Ms. Drumgold"), but Ms. Drumgold responded by claiming Plaintiff took too much time off and had taken advantage of his intermittent leave.

34.     Additionally, approximately a week later, Defendant's Director of Guest Services, Janine de Blois ("Ms. de Blois") attempted to impose undue limitations on Plaintiff's intermittent leave: she claimed he was only permitted to use intermittent leave once per month rather than the 1-3 times stated in Plaintiff's accommodations approval letter.

35.     Notably, this was the first time Defendant indicated to Plaintiff that it was narrowing his leave entitlement.

36.     Further, Defendant did not advise Plaintiff at any point that it required additional information from Plaintiff's neurologist to support his original leave entitlement.

37.     Plaintiff continued to work but used a couple days of allotted intermittent leave in early December 2024.

38.     On or about December 12, 2024, Plaintiff took intermittent leave so he could receive infusion treatment for his MS, which he regularly receives approximately every 6 months.

39.     While Plaintiff was at the December 12th appointment, Ms. de Blois called him and advised that Defendant was terminating his employment.

40.    Ms. de Blois claimed that the termination was warranted because Plaintiff had too many absences that were not covered by his ADA accommodations.

41.    However, Ms. De Blois misstated the number of unapproved absences Plaintiff had accrued, and regardless, the referenced absences should have been excused under the ADA and/or FMLA.

42.    In light of the foregoing, it is believed and therefore averred that Defendant failed to accommodate Plaintiff, in violation of the ADA, PHRA, and PFPO.

43.    It is further believed and therefore averred that Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, requests/need for accommodation, reports of workplace discrimination, and record of disability, in violation of the ADA PHRA, and PFPO.

44.    Additionally, it is believed and averred that Defendant violated the FMLA by interfering with Plaintiff's FMLA benefits/rights and by retaliating against Plaintiff for requiring FMLA-qualifying leave.

45.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; Plaintiff has also suffered other economic damages, mental anguish, pain and suffering, emotional distress, humiliation, and damage to reputation and career.

## COUNT I
## AMERICANS WITH DISABILITIES ACT ("ADA")
### 42 U.S.C. § 12101, *et seq.*
### DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

46.    Paragraphs 1 through 45 are hereby incorporated by reference as if the same were fully set forth at length herein.

47. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

48. Defendant was aware of Plaintiff's disability, record of impairment/disability, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

49. Plaintiff requested and required reasonable accommodation(s) in connection with his disability.

50. Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

51. Plaintiff engaged in further protected activity by reporting workplace discrimination and opposing Defendant's unlawful conduct.

52. Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, because of his record of impairment/disability, and in retaliation for his protected activity.

53. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; and Plaintiff has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

7

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c) Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e) Pre-judgment interest in an appropriate amount; and

f) Such other and further relief as is just and equitable under the circumstances.

g) Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT II**
**FAMILY AND MEDICAL LEAVE ACT ("FMLA")**
**29 U.S.C. 2601, *et seq.***
**INTERFERENCE & RETALIATION**

54. Paragraphs 1 through 53 are hereby incorporated by reference as if the same were fully set forth at length herein.

55. Plaintiff was entitled to FMLA benefits, which Defendant denied.

56. Defendant terminated Plaintiff in retaliation for requesting and requiring FMLA-qualifying leave.

57. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

58. As a result of Defendant's actions, Plaintiff has suffered loss of employment, earnings, raises, and benefits as well as other significant economic damages.

8

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a)  Back wages and front pay in an amount to be determined at trial;

b)  Liquidated damages in the maximum amount permitted;

c)  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

d)  Pre-judgment interest in an appropriate amount; and

e)  Such other and further relief as is just and equitable under the circumstances;

f)  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

**COUNT III**
**PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA")**
**43 P.S. § 951 *et seq.***
**DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE**

59.   Paragraphs 1 through 58 are hereby incorporated by reference as if the same were fully set forth at length herein.

60.   Plaintiff is a qualified individual with a disability and/or handicap within the meaning of the PHRA.

61.   Defendant was aware of Plaintiff's disability/handicap, record of disability/handicap and/or regarded Plaintiff as having a disability/handicap.

62.   Plaintiff requested and required reasonable accommodation(s) in connection with her disability/handicap.

63. Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

64. Plaintiff engaged in further protected activity by reporting workplace discrimination and opposing Defendant's unlawful conduct.

65. Defendant terminated Plaintiff's employment because of his actual and/or perceived disability/handicap, because of her record of disability/handicap, and in retaliation for his protected activity.

66. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; and Plaintiff has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

67. The conduct described above constitutes a violation of the PHRA and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a) Back wages, front pay, and compensatory damages in amounts to be determined at trial;

b) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

c)  Punitive and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

d)  Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e)  Pre-judgment interest in an appropriate amount; and

f)  Such other and further relief as is just and equitable under the circumstances.

g)  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT IV
## PHILADELPHIA FAIR PRACTICES ORDINANCE ("PFPO")
### Phila. Code § §9-1101, *et seq.*
### DISCRIMINATION, RETALIATION, & FAILURE TO ACCOMMODATE

68.    Paragraphs 1 through 67 are hereby incorporated by reference as if the same were fully set forth at length herein.

69.    Plaintiff is a qualified individual with a disability within the meaning of the PFPO.

70.    Defendants were aware of Plaintiff's disability, record of disability, and/or regarded Plaintiff as having a disability.

71.    Plaintiff requested and required reasonable accommodation(s) in connection with his disability.

72.    Defendant failed to reasonably accommodate Plaintiff and failed to engage in the interactive process.

73.    Plaintiff engaged in further protected activity by reporting workplace discrimination and opposing Defendant's unlawful conduct.

74.    Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, because of his record of impairment/disability, and in retaliation for his protected activity.

75.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, benefits and potential benefits, and earnings and earnings potential; and Plaintiff has suffered other economic damages, mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation and career.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a)    Back wages, front pay, and compensatory damages in an amount to be determined at trial;

b)    Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

c)    Monetary compensation for the amounts expended by Plaintiff on health insurance premiums, coverage, and care;

d)    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

e)    Pre-judgment interest in an appropriate amount;

f)    Such other and further relief as is just and equitable under the circumstances; and

12

g)  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date:   May 29, 2026

By:   */s/ Jake Daniel Novelli, Esq.*

Jake Daniel Novelli, Esq.
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
*Counsel for Plaintiff*

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.